JOHN BUSTARD and CHARLES NOOE, plaintiffs in error *v.* WILLIAM MORRISON, administrator of the estate of JOHN EDGAR, deceased, JAMES EDGAR, ISABELLA EDGAR, RACHEL M. McCRACKEN, ROBERT McCRACKEN, and NICHOLAS McCRACKEN, heirs at law of said John Edgar, deceased, and ROBERT MORRISON, THOMAS SHORT, LEONARD JONES, JAMES NELSON, and CHARLES GARNER, defendants in error.

*Error to Randolph.*

It is not the province of a Court of Chancery to carry into effect the judgments of a court of law.

The statute makes judgments of the Circuit Court a lien upon all the lands of the defendant within its jurisdiction. No sale or transfer of these lands after judgment, will exempt them from the operation of an execution at any time within seven years.

If by lapse of time, or his own negligence, a party loses his lien, a court of chancery cannot aid him by extending the lien beyond the period limited by law.

A judgment of a Circuit Court creates no lien upon lands beyond the limits of the county in which such judgment is rendered.

THIS cause was decided in the Court below, by the Hon. Theophilus W. Smith, at the April term, 1834.

J. SEMPLE, for the plaintiffs in error.

D. J. BAKER, for the defendants in error, contended:

A judgment creditor cannot go into equity to set up or enforce the judgment lien against the real estate of a debtor who dies after judgment, the existence of the lien and the method of enforcing it, being purely legal matters. Miami Ex. Co. Bank *v.* Turpin *et al.,* 3 Ohio 517; Conover's Dig. Index 136.

Bill in equity, &c. cannot be sustained, as complainant has his

remedy at law. Bustard *v.* Dabney *et al.,* 4 Ohio 70 ; Conover's Dig. Index 137.

Judgment liens are matters purely legal, &c., 6 Ohio 162 ; Con. Dig. Index 141–2.

WILSON, Chief Justice, delivered the opinion of the Court:

The material facts set out in the complainant's bill, are, that in 1821 they obtained a judgment in the Randolph Circuit Court against J. Edgar, for $829 ; that in 1823, an execution issued on this judgment, which was replevied with R. Morrison as surety. Other executions afterwards issued, which were returned unsatisfied. The bill further sets out that Edgar died insolvent, but that at the time of the rendition of the judgment, he was the owner of lands in the counties of Randolph, Jackson, and Perry, all of which were sold to persons who are made defendants to the bill of complaint, subject however, to the judgment of the complainants ; and concludes with a prayer that the lien may be perpetual, and the land sold to satisfy their judgment.

To this bill the defendants demurred ; the Court sustained the demurrer ; and the decision of the Court sustaining the demurrer, is the error assigned for the reversal of the judgment below.

It is clear that the complainants have mistaken their remedy, and the effect of their judgment. It is not the province of a court of chancery to carry into effect the judgments of a court of law. The powers of a court of law are amply sufficient to carry into effect its own adjudications. The statute makes judgments of the Circuit Court a lien upon all the lands of the defendant within its jurisdiction. No sale or transfer of those lands after judgment, will exempt them from the operation of an execution at any time within seven years, since the act of 1825.(1) In this case, according to the complainant's own showing, the lands were sold subject to their judgment. The party, then, have mistaken their remedy, in applying to a court of chancery to enforce their judgment, instead of availing themselves of the process of the Court by which it was rendered. If by the lapse of time, and their own laches, they have lost their lien, a court of chancery cannot aid them, by extending the lien beyond the period limited by law ; neither can it make the judgment of the Randolph Circuit Court a lien upon the land lying in the counties of Jackson and Perry. The judgment of a Circuit Court creates no lien upon land beyond the limit of its jurisdiction, to wit, the county in which such judgment is rendered.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

(1) R. L. 371; Gale's Stat. 389.